IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

IONIAN CORP., an Oregon corporation,

        Plaintiff,                                CV-10-199-ST

       v.                                       OPINION AND ORDER

COUNTRY MUTUAL INSURANCE
COMPANY, an Illinois company,

        Defendant.

STEWART, Magistrate Judge:

**INTRODUCTION**

This action arises out of a fire on August 26, 2009, which destroyed a warehouse that plaintiff, Ionian Corp. ("Ionian"), owned and leased to Precision Seed Cleaners, Inc. ("Precision Seed"). On October 1, 2009, Ionian filed a proof of claim with defendant, Country Mutual Insurance Company ("Country Mutual"), for amounts due under an insurance policy purchased by Precision Seed from Country Mutual. Country Mutual refused coverage because Ionian was not named as a loss payee, additional insured, or third-party beneficiary on the insurance policy.

1 - OPINION AND ORDER

Ionian filed this action on February 10, 2010, in the Circuit Court for the State of Oregon for the County of Multnomah, alleging two claims against Country Mutual for breach of insurance contract and for unpaid rent.  Since Ionian is an Oregon corporation and Country Mutual is an Illinois company, Country Mutual timely removed the case to this court based on diversity jurisdiction under 28 USC § 1332.  All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with FRCP 73 and 28 USC § 636(c).

Ionian has filed a Motion to for Leave to File Amended Complaint (docket #6) to add Precision Seed as a party and to allege three claims against it for breach of contract, negligence, and unpaid rent.  For the reasons stated below, that motion is GRANTED.

## **STANDARD**

Under FRCP 15(a)(2), after a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  This rule evidences a strong policy to grant leave to amend.  *Sweaney v. Ada County*, 119 F3d 1385, 1392 (9th Cir 1997) (internal citations omitted).  If the underlying facts or circumstances upon which a party relies may be a proper subject of relief, then that party should be afforded an opportunity to test its claim on the merits and to amend its pleadings.  *Foman v. Davis*, 371 US 178, 182 (1962).  Leave to amend should be granted absent "any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.*

Of these factors, the possibility of prejudice to the opposing party carries the greatest weight.  *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F3d 1048, 1052 (9th Cir 2003).

## **DISCUSSION**

### I. Carey's Affidavit

As a threshold issue, Country Mutual objects to three statements in an affidavit by Ionian's counsel, Gordon T. Carey, Jr., offered in support of Ionian's motion.  In his affidavit, Carey states that "[Ionian] understood that Precision Seed would cause [Country Mutual] to name [Ionian] as an additional insured on the warehouse," and that Ionian's president "called [Country Mutual's] agent, Mr. King, and informed him that [Country Mutual] needed to issue an amended declaration listing [Ionian] as an additional insured."  Carey Aff. (docket #7), ¶ 2.  Country Mutual objects to these statements under FRE 801 as inadmissible hearsay because Mr. Carey is testifying to the mental state of his client, Ionian, and to out-of-court statements made by Precision Seed offered to prove the truth of the matters asserted.  Ionian responds that it offers these statements not for their truth, but to explain why Precision Seed should be added as a defendant.  However, unless true, these statements offer no factual support to amend the Complaint.  Therefore, they are stricken.

Mr. Carey also states that Country Mutual "does not deny that the agent called defendant insurer the day before the fire and so informed defendant insurer."  *Id.*  Country Mutual objects to this statement under FRE 602 because Mr. Carey lacks sufficient personal knowledge of the subject matter.  This objection is well-taken, and this sentence is also stricken.

3 - OPINION AND ORDER

Even though this court will not consider these statements as admissible evidence to support Ionian's motion, it will consider them as argument by Ionian as to what it hopes to prove in support of its proposed amendments.

## II. Motion to Amend

Country Mutual argues that Ionian's Motion to Amend should not be granted because the Proposed Amended Complaint would cause undue prejudice, is futile, and would add unnecessary layers of complexity to the case. This court disagrees.

### A. Undue Prejudice

First, Country Mutual contends that Ionian's underlying motive for amending its complaint is a bad faith attempt to make the jury aware that Precision Seed has insurance to cover its potential liability for negligently causing the fire. If the jury knows that Precision Seed has an insurance policy with Country Mutual, then it will be more likely to find against Precision Seed on the negligence claim, and thus more likely render Country Mutual liable to Precision Seed under the policy.

This court discerns no basis to conclude that Ionian is acting under bad faith. Rather, Ionian has a reasonable purpose for amending its complaint, namely to consolidate all of its claims arising out of the warehouse fire against all potentially liable parties.

Country Mutual is justifiably concerned that injecting insurance into the negligence claim against Precision Seed would cause undue prejudice. However, pursuant to FRCP 42(b), a court may order a separate trial of one or more separate issues or claims for convenience, to avoid prejudice, or to expedite and economize. Courts have broad authority to bifurcate a case and separately try issues and claims so as to minimize the risk of prejudice. *M2 Software, Inc. v.*

*Madacy Entm't*, 421 F3d 1073, 1088 (9th Cir 2005).  The risk of prejudice arising from the jury's knowledge that a party's potential negligence liability is covered by insurance warrants such bifurcation.  See *Arnold v. E. Air Lines, Inc.*, 712 F2d 899, 907 (4th Cir 1983).

Here, the issue of whether Country Mutual's insurance policy covers the damage to Ionian's warehouse could easily be bifurcated and resolved prior to trial of the negligence claim against Precision Seed.  This will adequately protect both Precision Seed and Country Mutual from any undue prejudice.

### B. Futility

A court may deny a motion for leave to amend if the amendment is futile.  *Bonin v. Calderon*, 59 F3d 815, 845 (9th Cir 1995).  "'[A] proposed amendment is futile only if no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim.'" *Sweaney*, 119 F3d at 1393, quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F2d 209, 214 (9th Cir 1988).  A plaintiff should be afforded an opportunity to test its claim on the merits rather than on a motion to amend unless it appears beyond doubt that the proposed amended complaint would be dismissed for failure to state a claim under FRCP 12(b)(6).  *Miller*, 845 F2d at 214.

#### 1. Breach of Contract Claim

Ionian seeks to add a breach of contract claim against Precision Seed based on its failure "to obtain an amended declaration naming [Ionian] as a loss payee, additional insured, or third-party beneficiary" and "to repair the damage caused by the fire."  Proposed Amended Complaint, ¶ 16.

With respect to the first allegation that Precision Seed failed to name Ionian as loss payee, additional insured, or third-party beneficiary, County Mutual has submitted the triple net

lease agreement which requires Precision Seed to "furnish and pay for fire insurance on the building and third party liability insurance." Declaration of Kyle A. Sturm (docket # 10), Ex. 1, p. 1. Ionian argues that this provision requires Precision Seed to obtain insurance coverage for Ionian. County Mutual responds argues that it only required Precision Seed to obtain the specified fire insurance and third-party liability insurance, which it did.

"To determine whether an insurance policy was obtained for the mutual benefit of a tenant and landlord, the courts have first looked to the intent of the parties." *Aetna Ins. Co. v. Craftwall of Idaho, Inc.*, 757 F2d 1030, 1031 (9th Cir 1985) (internal citations omitted). To determine the intent of the parties, Oregon law first turns to the terms of the contract. *See Or. Sch. Employees Ass'n, Chapter 89 v. Rainier Sch. Dist. No. 13*, 311 Or 188, 194, 808 P2d 83, 87 (1991). The general rule is that unambiguous contracts are enforced according to their terms. *Id.* Whether a contract's terms are ambiguous is a question of law. *Id.* If a contract's terms are ambiguous, then the fact-finder ascertains the parties' intent and construes the contract consistent with that intent. *Id.*

"A contract is not ambiguous if it has only one sensible and reasonable interpretation." *D & D Co. v. Kaufman*, 139 Or App 459, 462, 912 P2d 411, 412 (1996). Thus, for a contract "to be legally ambiguous, it must be susceptible to at least two plausible interpretations when examined in the context of the contract as a whole." *Anderson v. Divito*, 138 Or App 272, 278, 908 P2d 315, 320 (1996).

The lease agreement does not expressly state that Precision Seed must maintain fire insurance and third-party liability insurance for the benefit of Ionian. Ionian and Country Mutual offer differing interpretations of Precision Seed's obligation under the lease agreement.

At this early juncture, this court must construe the pleadings in favor of Ionian and assume that both its and Country Mutual's proffered interpretations are plausible, rendering the lease agreement ambiguous. Depending on the parties' intent, which is an unresolved issue of fact, Ionian may well be considered a co-insured under County Mutual's policy. *See Aetna*, 757 F2d at 1031-32. Accordingly, this claim is not futile on its face.

Ionian also alleges that Precision Seed breached the lease agreement by failing to repair the fire damage. The lease agreement requires Precision Seed to repair "[a]ny damage to [the] structure or building improvements, doors, plumbing, electrical . . . within sixty days of occurrence." Sturm Decl., Ex. 1, p. 1. Country Mutual argues that Ionian waived this provision when, within 30 days after the fire, it terminated the lease. *Id*, Ex. 2, p. 1.

Under Oregon law, waiver is the intentional relinquishment of a known right and must be manifested in some unequivocal manner. *E.g.*, *Waterway Terminals Co. v. P.S. Lord Mech. Contractors*, 242 Or 1, 26, 406 P2d 556, 567 (1965). Waiver implied from the circumstances is a question of fact for the jury to decide and depends upon the particular facts of each case. *Moore v. Mut. of Enumclaw Ins. Co.*, 113 Or App 574, 577, 833 P2d 1310, 1312 (1992), citing *Great Am. Ins. Co. v. Gen. Ins. Co. of Am.*, 257 Or 62, 73, 475 P2d 415, 420 (1970).

Ionian contends that it only terminated Precision Seed's leasehold interest and did not intend to waive its existing right to require Precision Seed to repair the fire damage. Although a weak claim, it is not futile on its face, but is sufficient to afford Ionian the opportunity to prove its claim on the merits.

///

///

7 - OPINION AND ORDER

### 2. Negligence

The Proposed Amended Complaint also alleges that Precision Seed is negligent in: (1) "permitting welders and/or other individuals to conduct operations on the premises which could lead to combustion;" (2) "failing to take precautions to prevent such operations from causing combustion;" (3) "failing to warn [Ionian] that [Precision Seed] was going to conduct such operations without providing safeguards;" and (4) "failing to extinguish the fire when it commenced." Proposed Amended Complaint, ¶ 19. Assuming the truth of the allegations, it is not beyond doubt that no facts support this claim. Thus, this claim on its face has merit and is not futile.

### 3. Unpaid Rent

Ionian also seeks to allege a claim against Precision Seed for unpaid rent that accrued after the warehouse was destroyed by fire. Proposed Amended Complaint, ¶¶ 21-22. A tenant in possession of land is liable for that rent. ORS 91.220. A lessee is not released from its obligation to pay rent if the property under the lease is destroyed as a result of the lessee's negligence. *See, e.g.*, *Eggen v. Wetterborg*, 193 Or 145, 152, 237 P2d 970, 974 (1951) (internal citations omitted)*; Moline v. Portland Brewing Co.*, 73 Or 532, 537, 144 P 572, 573 (1914); *Lawson v. Taylor Hotels, Inc.*, 411 SW2d 669, 670 (Ark 1967) (the lessee's duty to pay rent, absent any agreement to the contrary, was not affected by the fire damage); 1 Milton R. Friedman & Patrick A. Randolph, Jr., *Friedman on Leases*, 9-2 (5th ed. 2010) (tenant remains obligated to pay rent even if premises are damaged by fire); 17 Richard A. Lord, *Williston on Contracts* § 50:54 (4th ed. 2000) ("The common-law rule is that where the lessee expressly covenants to pay the rent . . . the lessee must keep this covenant, even though the leased property

is damaged by accident."). This rule rests on the policy that a tenant is deemed to have an interest in the land which remains usable despite a destruction of the improvements. Friedman, *supra*, at 9-2.

Here the lease agreement fails to state whether Precision Seed is obligated to pay rent when the premises are destroyed, and Ionian alleges that the warehouse was destroyed as a result of Precision Seed's negligence. Because Precision Seed may be obligated to continue to owe rent under the lease agreement if its negligence contributed to the warehouse's destruction, this claim is not futile.

### C. Unnecessary Layers of Complexity

Lastly, Country Mutual argues that combining Country Mutual's insurance coverage dispute with claims against Precision Seed for negligence and breach of contract will add unnecessary layers of complexity, resulting in more costly and time-consuming litigation and an illogical presentation of the issues to the fact-finder.

The insurance coverage issue, however, does not involve complex or confusing issues. Additionally, as discussed above, the court can bifurcate that issue to first determine whether Ionian is covered under the insurance policy, and if not, whether Precision Seed breached the lease agreement by failing to obtain insurance coverage for Ionian, before addressing the other claims. Accordingly, the addition of claims against Precision Seed for negligence, breach of contract, and unpaid rent will not result in unnecessary costs, undue delay, or confusion to the jury.

### D. Conclusion

This court is hard pressed to see how granting Ionian's Motion to Amend would result in undue prejudice, be futile, or add unnecessary layers of complexity to this case. Furthermore, granting Ionian's motion to amend is in line with the overarching policy that leave to amend be freely given when justice so requires.

### III.  Remand

The last issue is whether adding Precision Seed will destroy diversity jurisdiction and require remand. Under 28 USC § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." This rule invests a district court with the discretion to deny joinder of non-diverse defendants or to permit joinder of non-diverse defendants and remand the case to state court after a case has been properly removed. *Stevens v. Brink's Home Sec., Inc.*, 378 F3d 944, 949 (9th Cir 2004).

Here, Ionian and Precision Seed are both Oregon corporations. Accordingly, once Ionian files an amended complaint joining Precision Seed as a defendant, complete diversity will be destroyed. At that point, as required by 28 USC § 1447(e), this court must remand this action to state court.

The situation is complicated by a pending motion for summary judgment filed by Country Mutual (docket #13). If Country Mutual prevails on that motion, then it will no longer be a party to this case, obviating the need for Ionian to file an amended complaint in this court. Instead, based on the lack of diversity jurisdiction, Ionian must pursue its claims against Precision Seed in state court. At oral argument, both parties expressed their preference for this court to  resolve the pending summary judgment motion. To retain jurisdiction to resolve that

motion prior to remanding this case to state court, this court will accede to the parties' request and not require Ionian to file its amended complaint until 30 days after a final ruling on the summary judgment motion.

## ORDER

For the reasons stated above, Ionian's Motion for Leave to File Amended Complaint (docket # 6) is GRANTED. However, Ionian is not required to file the Amended Complaint until 30 days after a final ruling on the pending summary judgment motion.

DATED this 23rd of June, 2010.

    /s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

11 - OPINION AND ORDER