IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

IONIAN CORP., an Oregon corporation,

        Plaintiff,

    v.

                                       No. 3:10-cv-0199-HZ

COUNTRY MUTUAL INSURANCE
COMPANY, a foreign corporation,

        Defendant/ Interpleader
        Plaintiff,

    v.                               OPINION & ORDER

IONIAN CORP., an Oregon corporation,
PRECISION SEED CLEANERS INC., an
Oregon corporation,

        Interpleader Defendants.

/ / /

/ / /

1 - OPINION & ORDER

Gordon T. Carey
Attorney at Law
1020 S.W. Taylor Street
Portland, Oregon 97205

      Attorney for Plaintiff

Frederick M. Millard
Douglas M. Bragg
MILLARD & BRAGG
6650 S.W. Redwood Lane, Suite 330
Portland, Oregon 97224

      Attorneys for Interpleader Defendant Precision Seed Cleaners, Inc.

HERNANDEZ, District Judge:

      Plaintiff Ionian Corporation moves to amend its Answer, which it filed as an interpleader defendant, to add crossclaims against interpleader co-defendant Precision Seed Cleaners, Inc. Ionian also moves for pre-judgment attachment.  I deny the motions.

## BACKGROUND

      This case, which began as a breach of contract case involving an insurance policy issued by defendant Country Mutual Insurance Company, has a somewhat tortured procedural history. Presently, Country Mutual is no longer in the case, and the active litigation involves crossclaims between the two interpleader co-defendants.  The case was filed in this Court in February 2010. In June 2010, Judge Stewart, to whom the case was then assigned, granted Ionian's motion to amend its complaint to add Precision Seed as a party.  The proposed amended complaint brought the following claims against Precision Seed:  (1)  breach of contract alleging that Precision Seed breached a lease agreement with Ionian by (a) failing to obtain an amended declaration to an insurance policy with Country Mutual naming Ionian as a loss payee, additional insured, or

2 - OPINION & ORDER

third-party beneficiary, and (b) failing to repair the damage caused by the fire that destroyed the building Precision Seed was occupying and which Ionian owned.; and (2) negligence.  See Dkt #6 (Pltf's Motion to Am. Comp.).  Although Judge Stewart granted the motion, she expressly stated that Ionian need not file the amended complaint, which would have destroyed the diversity jurisdiction upon which federal removal jurisdiction was based, until after Judge Stewart had resolved a pending motion for summary judgment filed by Country Mutual.  See Dkt #25.

Judge Stewart issued an Opinion & Order on Country Mutual's summary judgment motion on October 5, 2010.[1]  On the same date, Judge Stewart ordered Ionian to file the amended complaint she had previously allowed, by November 4, 2010.  Dkt #50.  Ionian, however, in a November 5, 2010 filing, stated that as a result of Judge Stewart's summary judgment rulings, it would not file the amended complaint to add Precision Seed.  Dkt #52.

In February 2011, based on a stipulation between Ionian and Country Mutual, Country Mutual filed an Amended Answer and added an interpleader claim naming both Ionian and Precision Seed as interpleader defendants.  Dkt #61.  The interpleader claim alleged that Country Mutual issued an insurance policy to Precision Seed which covered certain interests in a structure and machinery located in Brooks, Oregon.  CM's Am. Answer at ¶ 14.  It further alleged that on August 29, 2010, a fire destroyed the structure and contents within the structure, including a motor control system specifically insured as scheduled equipment, with a limit of $12,725.  Id. at ¶¶ 17, 19-20.  The policy limit for the property was $350,000.  Id. at ¶ 21.  Because both Ionian and Precision Seed presented competing claims to the policy proceeds, Country Mutual brought

---

[1]  At the time, Judge Stewart had full Magistrate Judge consent from Ionian and Country Mutual, the only two parties in the case.

3 - OPINION & ORDER

the interpleader claim, depositing $372,750 with this Court on February 23, 2011.  Id. at ¶¶ 22-28; Dkt #65 (Order to Deposit Funds).

Ionian answered the interpleader claim on March 18, 2011, raising no affirmative defenses and bringing no crossclaims against Precision Seed.  Dkt #69.  Precision Seed, however, brought crossclaims against Ionian in its Answer to the interpleader claim.  Dkt #66.  In its March 18, 2011 Answer to the crossclaims brought against it by Precision Seed, Ionian brought crossclaims against Precision Seed for rent and cleanup costs.  Dkt #70.  On March 30, 2011, Ionian filed a Corrected Answer to Precision Seed's crossclaims, still asserting its own crossclaims of only rent and cleanup costs.  Dkt #72.  Following an amendment by Precision to its crossclaims against Ionian, Ionian filed, on June 22, 2011, an Answer to the amended crossclaims, but made no changes or additions to the rent and cleanup cost crossclaims it had brought against Precision Seed.  Dkt  #88.

Discovery in the case closed on June 13, 2011.  Dkt. #84.  Dispositive motions were filed by Ionian and Precision Seed on June 24, 2011.  In a September 27, 2011 Findings & Recommendation, Judge Stewart recommended that the motions be granted in part and denied in part.  Dkt #125.[2]  In a December 2, 2011 Order, I adopted Judge Stewart's Findings & Recommendation.  Dkt #133.  In this posture, the case was then assigned to me for trial.

I.  Motion to Amend Answer

In its motion, Ionian seeks to add new crossclaims against Precision Seed.  Specifically, Ionian seeks to add crossclaims for breach of its lease with Precision Seed, negligence, and

---

[2]  Because Precision Seed did not consent to a Magistrate Judge, Judge Stewart no longer had full consent and issued her decision as a Findings & Recommendation rather than an Opinion & Order.

"constructive trust and/or equitable lien." Dkt #139 (Proposed Am. Answer). Ionian argues that despite Judge Stewart's finding, adopted in my December 2, 2011 Order, that there are issues of fact regarding whether Ionian is an additional insured on the insurance policy, "the evidence is unequivocal" that Ionain is "entitled to an amount equal to either the value of the building and improvements destroyed by the fire, or an amount sufficient to replace the building and improvements, regardless of the theory of recovery." Motion to Am. Answer at p. 2. Thus, Ionian argues, it moves for an order allowing it to add the additional crossclaims against Precision Seed of breach of the lease and negligence "upon which plaintiff Ionian could rely to recover damages directly against Precision Seed even if a jury were to find that plaintiff Ionian was not an additional insured and thus entitled to the funds on deposit." Id. at p. 3. Additionally, "Ionian seeks to add a crossclaim for constructive trust and/or equitable lien upon which to base recovery of the proceeds on deposit[.]" Id.

Precision Seed argues that this Court lacks subject matter jurisdiction over the breach of lease and negligence claims under Federal Rule of Civil Procedure 13(g), and that because the constructive trust claim is futile, amendment should not be allowed under Federal Rule of Civil 15. Precision Seed also contends that under Rule 15, Ionian unduly delayed bringing the claims and amendment at this point would cause undue prejudice to Precision Seed.

A. Rule 13(g)

Under Rule 13(g),

[a] pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim, or if the claim relates to any property that is the subject matter of the original action.

5 - OPINION & ORDER

Fed. R. Civ. P. 13(g). As Judge Stewart explained in the September 27, 2011 Findings & Recommendation, Rule 13(g) is to "be liberally construed to avoid duplicative litigation." Sept. 27, 2011 F&R at p. 10. Under that standard, "courts apply a logical relationship test." Id. (internal quotation omitted). As Judge Stewart further explained, the "'property that is the subject matter of the original action' filed by Ionian against Country Mutual is the insurance proceeds deposited with the Court payable under the policy as a result of the fire." Id. Thus, under Rule 13(g), this Court "has subject matter jurisdiction to resolve all of [the] crossclaims that involve entitlement to any part of the insurance proceeds." Id. at p. 11.

In the Findings & Recommendation, Judge Stewart considered whether this Court had subject matter jurisdiction under Rule 13(g) over several of Precision Seed's crossclaims. She explained that Ionian conceded that two claims were properly before the court because they alleged a direct entitlement to the insurance proceeds interpleaded into the Court. Id. She also explained that Rule 13(g) permitted jurisdiction over the crossclaim "requesting rescission of the Lease due to a mutual mistake of fact because it relates to [the] parties' relationship to the property at the time of the loss which determines the extent of their insurable interest." Id.

Judge Stewart then determined that this Court lacked subject matter jurisdiction over the part of Precision Seed's crossclaim for breach of a purchase agreement which sought specific performance of the purchase agreement by conveying the property to Precision Seed. Id. at p. 12 (noting that the court was not "persuaded that the definition of the 'property that is the subject matter of the original action' under FRCP 13(g) includes every claim involving any aspect of the property."). Finally, she determined that the Court also lacked subject matter jurisdiction over Precision Seed's fraud crossclaim because "[a]lthough this crossclaim may rest on many of the

6 - OPINION & ORDER

same facts as those relating to rescission of the Lease, it seeks relief far beyond entitlement to the insurance proceeds at issue in this action."  Id. (noting that the claim instead "seeks a judgment for damages against Ionian which [Precision Seed] can then attempt to collect from the insurance proceeds deposited with the court.").

The first crossclaim Ionian seeks to add is a claim for breach of the lease.  There, Ionian alleges that (1) pursuant to the lease between Ionian and Precision Seed, Precision Seed agreed that any improvements to the premises, whether installed by Ionian or Precision Seed, would become part of the building and the property of Ionian and further agreed that it would repair any damage to the building or improvements; (2) Precision Seed has breached the lease in that the building and improvements burned and were destroyed and Precision Seed has failed to repair or replace them; and (3) as a result, Ionian has been damaged in an amount not less than $350,000. Proposed Am. Answer at ¶¶ 29-31.

Precision Seed argues that this claim is not related to which party is entitled to the insurance proceeds, but is a claim that Precision Seed failed to repair a building.  Thus, Precision Seed argues, it is akin to its own crossclaim for fraud that Judge Stewart recommended be dismissed because it "seeks relief far beyond entitlement to insurance proceeds [and] [i]nstead seeks a judgment for damages against [Precision] which it can then attempt to collect from the insurance proceeds deposited with the court."  I agree with Precision Seed.  The breach of lease claim is based on an alleged contractual obligation undertaken by Precision Seed to repair or replace improvements made to the premises.  It does not seek direct payment of the insurance proceeds or alter a party's entitlement to those proceeds.  Rather, the claim contends that Precision Seed failed to repair damage to the building or improvements independent of the

insurance proceeds.  The claim does not arise out of the payment of the insurance proceeds.

Contrary to Ionian's assertion, the object of this claim is not the interpleaded funds.  While Ionian

clearly seeks damages, any judgment obtained by Ionian on this claim as it is pleaded would be

paid by Precision Seed but it need not be paid directly from the interpleaded funds.  Accordingly,

the breach of lease claim is not sufficiently related to the property which is the subject matter of

the original action.

The negligence claim asserts that Precision Seed was negligent in the following respects:

(1) causing, or permitting to be caused, a fire in or about the building which destroyed the

building and its improvements; (2) allowing welding or other incendiary activities to be

performed in or about the building without adequate safeguards and without supervision such

that the building and its improvements caught fire and was destroyed; and (3) failing to install,

activate, and/or monitor fire prevention and protection systems or devices which would alert and

result in fire suppression.  Proposed Am. Answer at ¶ 35.  Ionian alleges it was damaged as a

result of Precision Seed's negligence.  Id. at ¶ 36.

As with the breach of lease claim, this Court lacks subject matter jurisdiction over the

negligence claim because it is not a claim to the insurance proceeds.  This claim concerns the

cause of the fire and is not related to the distribution of the interpleaded insurance proceeds.

Similar to the breach of lease claim, even if Ionian obtained a judgment on this claim, the

judgment need not be satisfied by the interpleaded funds.  The claim, like the crossclaim of fraud

brought by Precision Seed against Ionian, goes "far beyond the property at issue."

B.  Rule 15

Under Rule 15, the court "should freely give leave when justice so requires[,]" Rule

15(a)(2), and should apply the rule's "policy of favoring amendments with extreme liberality."

DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotation omitted).

In determining whether to grant a motion to amend, the court should consider bad faith, undue

delay, prejudice to the opposing party, futility of amendment, and prior amendments to the

complaint.  Sisseton-Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355-56 (9th Cir.

1996).  The timing of the motion to amend following discovery and with a pending summary

judgment motion, weighs heavily against allowing leave.  Schlacter-Jones v. General Tel., 936

F.2d 435, 443 (9th Cir. 1991).

      1.  Futility

Precision Seed argues that the claim for "constructive trust" should not be allowed

because Oregon recognizes no such substantive claim and therefore, the claim is futile.

In this claim, Ionian alleges that (1) pursuant to the lease between Ionian and Precision

Seed, Precision Seed agreed to furnish and pay for fire insurance on the building and

improvements for the benefit of Ionian, and/or to make Ionian an additional insured; (2)

Precision Seed agreed to provide and pay for the insurance so that Precision Seed could repair or

replace the building in the event it was destroyed by fire; (3) Precision Seed has acknowledged

that the proceeds of the fire policy on deposit with the Court are for the purpose of repairing or

replacing Ionian's building; and (4) therefore, Ionian has an equitable lien on the proceeds on

deposit, or, Precision Seed holds them in trust for Ionian's benefit.  Proposed Am. Answer at ¶

33.

Oregon law is clear that "the concept of constructive trust does not stand on its own as a

substantive claim[.]"  Tupper v. Roan, 349 Or. 211, 219, 243 P.3d 50, 56 (2010).  A constructive

9 - OPINION & ORDER

trust "exists solely as an equitable <u>remedy</u>, available to divest an individual who has been unjustly enriched of property that he or she ought not, in equity and good conscience, hold and enjoy." <u>Id.</u> (internal quotation omitted).  The substantive claim is one of unjust enrichment, not "constructive trust." <u>Id.</u> at 219, 243 P.3d at 57 ("The concepts of constructive trust and unjust enrichment thus are intertwined:  When 'the law employs a constructive trust, the doctrine of unjust enrichment governs generally the substantive rights of the parties.' <u>Barnes v. Eastern & Western Lbr. Co.,</u> 205 Or. 553, 597, 287 P.2d 929 (1955)."); <u>see also</u> <u>Belton v. Buesing</u>, 240 Or. 399, 409, 402 P.2d 98, 103 (1965) (constructive trust is "a remedial institution invented by equity to avoid unjust enrichment in situations where there is no other available equitable remedy").

Similarly, an "equitable lien" is a remedial device used by courts of equity and is not itself a substantive claim.  <u>See</u>, <u>e.g.</u>, <u>Barnes</u>, 205 Or. at 596, 287 P.2d at 949 (constructive trust and equitable lien are remedial procedural devices used in equity to remedy unjust enrichment); <u>see also</u> <u>Providence Health Plan v. Charriere</u>, 666 F. Supp. 2d 1169, 1176 (D. Or. 2009) (in ERISA case, describing remedies by a court of equity as including ordering "'a defendant to transfer title (in the case of the constructive trust) or to give a security interest (in the case of an equitable lien) to a plaintiff who was, in the eyes of equity, the true owner.'") (quoting <u>Great-West Life & Annuity Ins. Co. v. Knudson</u>, 534 U.S. 204, 213 (2002)).

I agree with Precision Seed that a separate "claim" for a constructive trust or equitable lien is not a stand-alone claim.  However, rather than reject it as futile for that reason alone, I construe the proposed crossclaim as one for unjust enrichment, which, if sustained, could support the equitable remedies sought by Ionian in the proposed crossclaim.

The court in <u>Tupper</u> explained that

> [a]lthough our cases refer to a substantive 'doctrine' of unjust enrichment, none provide any really comprehensive exposition of that doctrine. Instead, the cases simply describe the kinds of actions and circumstances that would constitute unjust enrichment warranting imposition of a constructive trust, and then observe that the concept extends to other similar acts and circumstances.

Tupper, 349 Or. at 220, 243 P.3d at 57. After discussing earlier cases, the Tupper court concluded that a claim for unjust enrichment which could support the imposition of a constructive trust, required proof as follows:

> First, the plaintiff must show that property or a property interest that rightfully belongs to her was taken or obtained by someone else under circumstances that in some sense were wrongful or inequitable. Next, the plaintiff must show that the person who now possesses the property is not a bona fide purchaser for value and without notice. Finally, the plaintiff must establish, with "strong, clear and convincing evidence," that the property in the hands of that person, i.e., the property upon which she seeks to impose a constructive trust, in fact is the very property that rightfully belongs to her, or is a product of or substitute for that property.

Id. at 223, 243 P.3d at 58 (also quoting from an earlier case for the proposition that "equity may impress a constructive trust on property 'obtained through actual fraud, misrepresentations, concealments, or through undue influence, duress, taking advantage of one's weakness or necessities, or through any other similar means or under any other similar circumstances which render it unconscientious for the holder of the legal title to retain and enjoy the beneficial interest.'") (quoting Suitter v. Thompson, 225 Or. 614, 625, 358 P.2d 267 (1960)).

Precision Seed argues that the proposed crossclaim fails to state an unjust enrichment claim because Ionian fails to contend that the insurance proceeds "rightfully belong" to Ionian, or were "taken or obtained by someone else under circumstances that in some sense were wrongful or inequitable." Precision Seed notes that presently, the insurance proceeds are in the possession of the Court. Should a jury conclude that Ionian is an additional insured, this claim is

11 - OPINION & ORDER

unnecessary as the money will be distributed by the Court based on that insurable interest. Alternatively, should the jury determine that Ionian is not an additional insured, then there is no basis for an assertion by Ionian that the insurance proceeds rightfully belong to it or were taken under circumstances that were wrongful or inequitable.

I agree with Precision Seed that the allegations in support of the proposed constructive trust/equitable lien crossclaim, even as construed as an unjust enrichment claim, fail to state a claim. As I understand the claim, Ionian asserts that the interpleaded insurance proceeds belong to it, either because it is an additional insured, or because under the lease, Precision was obligated to repair or replace the building and it has failed to do so, making Ionian the rightful owner of the interpleaded funds which "are for the purpose of repairing and/or replacing plaintiff Ionian's building." Proposed Am. Answer at ¶ 33. But, under either alternative, there is no unjust enrichment in regard to the interpleaded funds. As Precision Seed notes, if a jury determines that Ionian is an additional insured, this claim is moot. If it determines that Ionian is not an additional insured, then the insurance proceeds rightfully belong, under the insurance policy, to Precision Seed. In that scenario, there is no valid assertion that Precision Seed acted fraudulently or in an unconscientious or unconscionable manner. Although Ionian could have a breach of lease claim against Precision Seed for failing to repair or replace the building under the terms of the lease, entitling Ionian to damages, that is a different claim, and one over which this Court lacks subject matter jurisdiction.

## 2. Delay

Precision Seed argues that Ionian's motion should be denied because of Ionian's undue delay in bringing the claims. Ionian states that in light of the summary judgment rulings which

12 - OPINION & ORDER

first held that Ionian was an additional insured and then held that there was an issue of fact on that question, its motion was timely because it was only the second summary judgment decision that created the possibility that Ionian might have to pursue the theories presented in these proposed crossclaims to obtain the insurance funds.

I agree with Precision Seed.  In June 2010, Ionian was granted leave to amend its Complaint to bring claims directly against Precision Seed.  Ionian declined to actually file the amended complaint.  Understandably, Ionian, having obtained a favorable decision on summary judgment that it was an additional insured, was not motivated to bring Precision Seed into the case, destroying this Court's removal jurisdiction by adding a non-diverse party.

However, after Country Mutual interpleaded the funds and Precision Seed became a party as an interpleader defendant, along with Ionian, Ionian still did not bring these crossclaims against Precision Seed despite filing an Answer to Precision Seed's crossclaims (Dkt #70, March 18, 2011), a Corrected Amended Answer to Precision Seed's crossclaims (Dkt #72, March 30, 2011), and an Answer to Amended Crossclaims.  ((Dkt #88, June 22, 2011).  Given the numerous opportunities Ionian had to bring these crossclaims against Precision Seed, and the fact that Ionian asserted other crossclaims against Precision Seed, Ionian's failure to bring these crossclaims earlier, before the close of discovery and before dispositive motions were filed, is unjustified.

Moreover, while Judge Stewart's initial determination that Ionian was an additional insured was the law of the case until her subsequent September 27, 2011 Findings & Recommendation, that initial determination was made before Precision Seed was a party to the case, before Precision Seed brought its own crossclaims against Ionian, and before Precision

13 - OPINION & ORDER

Seed brought additional evidence into the litigation regarding that issue. Precision Seed's entry into the case changed the landscape and Ionian, fully cognizant of alternative theories of recovery against Precision Seed, nonetheless failed to raise them in a timely manner.

In sum, this Court lacks subject matter jurisdiction over Ionian's proposed breach of lease and negligence crossclaims under Rule 13(g). Under Rule 15, the futility of the proposed "constructive trust/equitable lien" crossclaim even when considered as an unjust enrichment claim, and Ionian's delay in bringing all of these crossclaims, require that leave to amend be denied.

II. Motion for Prejudgment Attachment

Pursuant to Federal Rule of Civil Procedure 64, Ionian moves for an order to attach $350,000 of the interpleaded insurance proceeds to satisfy any judgment entered in favor of Ionian and against Precision Seed. Ionian argues that although there is a question of fact whether Ionian is an additional insured, the "evidence is unequivocal that plaintiff Ionian is entitled to an amount equal to either the value of the building and improvements destroyed by the fire, or an amount sufficient to replace the building and improvements." Ionian's Mtn for Pre-Jgmt Att. at p. 2. Accordingly, Ionian explains, it has moved to amend its answer to assert crossclaims of breach of lease and negligence upon which it could rely to recover damages directly against Precision Seed and thus, it seeks to attach the proceeds deposited in this Court so that the proceeds will be applied to any judgment entered in favor of Ionian, regardless of the theory of recovery.

Rule 64 provides that "every remedy is available, that under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential

judgment." Fed. R. Civ. P. 64(a).  "Pursuant to Fed. R. Civ. P. 64, state law governs the

remedies available for the seizure of property to satisfy a judgment." Credit Managers Ass'n of

S. Ca. v. Kennesaw Life & Acc. Ins. Co., 25 F.3d 743, 750 (9th Cir. 1994); Paul v. Aschkar &

Co., 327 F.2d 306, 310 (9th Cir. 1963) (under Rule 64, the law of the forum determines the

circumstances and manner in which attachment is available.).

        Under Oregon law, a writ of attachment may be issued only after the plaintiff obtains an

order, under Oregon Rule of Civil Procedure 83, that provisional process may issue.  Or. R. Civ.

P. 84A(1).  An order for provisional process under Rule 83 requires that the requesting party file

with the court both "a sworn petition" and "any necessary supplementary affidavits or

declarations requesting specific provisional process and showing, to the best knowledge,

information, and belief of the [requesting party] that the action is one in which provisional

process may issue" as well as other specified information.  Or. R. Civ. P. 83A.  The other

information required in support of the sworn petition includes a showing that "there is no

reasonable probability that the [opposing party] can establish a successful defense to the

underlying claim."  Or. R. Civ. P. 83A(12).

        Additionally, attachment is allowed against an Oregon resident defendant only in an

"action upon a contract, expressed or implied, for the direct payment of money, when the contract

is not secured by a mortgage, lien or pledge, . . . ."  Or. R. Civ. P. 84A(2).  "Oregon law requires

strict compliance with these statutory standards."  United States. v. Miljus, No. CV-

06–1832–PK, 2008 WL 3539941, at *2 (D. Or. Aug. 11, 2008)  (citing Crouter v. United

Adjusters, Inc., 259 Or. 348, 362, 485 P.2d 1208, 1214  (1971) (affirming "the established policy

of this court that strict compliance with the attachment statutes must be pleaded and proved" and

holding an attachment invalid for noncompliance with the procedural requirements of the

attachment statutes)).

Ionian has failed to comply with the procedural requirements of Oregon Rule of Civil

Procedure 83A.  As Judge Papak recognized in <u>Miljus</u>, the Rule 83A procedural impropriety is

sufficient, without more, to deny the motion.  <u>Id.</u> at *3.  Additionally, there is currently no

pending breach of contract claim by Ionian against Precision Seed and thus, attachment is not

permitted under Oregon Rule of Civil Procedure 84A.

CONCLUSION

Ionian's motion to amend its answer [#139] and Ionian's motion for pre-judgment

attachment [#137] are denied.

IT IS SO ORDERED.

DATED this ___5th___ day of __March_____, 2012.


 /s/ Marco A. Hernandez_____
MARCO A. HERNANDEZ
United States District Judge