IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

IONIAN CORP., an Oregon corporation,

       Plaintiff,

    v.

                                 No. 3:10-cv-0199-HZ

COUNTRY MUTUAL INSURANCE
COMPANY, a foreign corporation,

       Defendant/ Interpleader
       Plaintiff,

    v.                         OPINION

IONIAN CORP., an Oregon corporation,
PRECISION SEED CLEANERS INC., an
Oregon corporation,

       Interpleader Defendants.

/ / /

/ / /

1 - OPINION

Gordon T. Carey
Attorney at Law
1020 S.W. Taylor Street
Portland, Oregon 97205

      Attorney for Plaintiff

Frederick M. Millard
Douglas M. Bragg
MILLARD & BRAGG
6650 S.W. Redwood Lane, Suite 330
Portland, Oregon 97224

      Attorneys for Interpleader Defendant Precision Seed Cleaners, Inc.

HERNANDEZ, District Judge:

      Ionian Corporation moves to reconsider my March 5, 2012 Opinion & Order denying its motion to amend its Answer and its motion for pre-judgment attachment. I deny the motion to reconsider.

      In opposing the motion, Precision Seed makes various arguments unrelated to the merits, including that Ionian's counsel failed to properly confer under Local Rule 7.1, that the various iterations of the motion to reconsider fail to include an actual motion and thus are meaningless, and that Ionian fails to raise a new argument and thus fails to articulate an appropriate basis for reconsideration. I decline to address these arguments because regardless of these preliminary issues, I adhere to the conclusions made in my March 5, 2012 Opinion.

      In its motion to amend, Ionian sought to amend its Answer to add three crossclaims: (1) breach of the lease agreement; (2) negligence; and (3) constructive trust/equitable lien. Mar. 5, 2012 Op. at pp. 4-5. I denied the motion as to the breach of lease and negligence claims because, given the limited nature of this Court's subject matter jurisdiction under Federal Rule of Civil

2 - OPINION

Procedure 13(g), neither of the claims was sufficiently related to the interpleaded funds to be brought in this case.  Id. at pp. 5-8.  Ionian does not seek to reconsider those conclusions.

As to the "constructive trust/equitable lien" claim, I explained that Oregon recognizes no substantive claim of that nature and thus, amendment would be futile.  Id. at p. 9.  However, I construed the claim as one of unjust enrichment which can support a remedy of constructive trust or equitable lien.  Id. at p. 10.  I nonetheless denied the motion to amend to add the claim because the allegations failed to state a claim.  Id. at p. 12.  As I explained, there was no unjust enrichment to the interpleaded funds.  Id.  I also noted that Ionian's delay in seeking to amend to add the claim supported denying the motion to amend.  Id. at pp. 13-14.  Finally, because Ionian failed to comply with the applicable procedural rules, and because there was no pending breach of contract claim upon which to base attachment, I denied Ionian's motion for pre-judgment attachment.  Id. at pp. 14-16.  Ionian now seeks reconsideration of my conclusions regarding the unjust enrichment claim and the motion for pre-judgment attachment.

Regardless of whether I consider the motion as one to reconsider under Federal Rule of Civil Procedure 60(b)(6), or under the court's inherent authority, I reach the same conclusion:  the court lacks subject matter jurisdiction over the proposed claim.  Ionian initially relies on several facts which it asserts are found in various pleadings and to which there is allegedly no dispute.  Based on those facts, Ionian argues that there is a "reasonable inference" that Ionian expected Precision Seed to insure the property for Ionian's benefit and that Precision Seed's failure to do so violates a common law duty imposed on tenants to take care of leased premises and return them to the landlord without deterioration.  Ionian's Mem. at p. 6.  Ionian suggests Precision may be liable for statutory waste as well, under Oregon Revised Statute § 105.805.

3 - OPINION

Ionian fails to explain how the "reasonable inference-tenant's duty" or "statutory waste" theories constitute an "unjust enrichment" claim which, after all, is the only claim discussed in the March 5, 2012 Opinion which Ionian requests I reconsider.  Additionally, while Precision may have had a contractual duty to insure the premises, Ionian provides no authority for its proposition that a tenant's common law duty to take physical care of leased premises includes procuring insurance on behalf of the landlord.  More importantly, these theories are based in negligence and are not directly related to the interpleaded funds.  As explained in the March 5, 2012 Opinion in regard to the negligence claim Ionian previously sought to add, the claim is not related to the distribution of the interpleaded insurance proceeds.  Even if Ionian obtained a judgment on this claim, it need not be satisfied by the interpleaded funds.

Next, Ionian suggests that I misstated Oregon law in regard to an unjust enrichment claim.  Although I adhere to my prior discussion and reliance on <u>Tupper v. Roan</u>, 349 Or. 211, 243 P.3d 50 (2010) regarding the nature of an unjust enrichment claim capable of supporting the imposition of a constructive trust or equitable lien, for the purposes of this Opinion, I analyze Ionian's proposed unjust enrichment claim as suggested by Ionian:  "to establish unjust enrichment, a plaintiff must establish that (1) the plaintiff conferred a benefit on the defendant; (2) the defendant was aware that it had received a benefit; and (3) under the circumstances, it would be unjust for the defendant to retain the benefit without paying for it."  <u>Winters v. County of Clatsop</u>, 210 Or. App. 417, 421, 150 P.3d 1104, 1106 (2007).

Ionian asserts that it conferred a benefit on Precision Seed by renting its warehouse to Precision for rent "and other consideration," Precision Seed agreed as part of the consideration to insure the premises, and under the circumstances, it would be unjust for Precision Seed to keep

4 - OPINION

the insurance proceeds. Ionian Mem. at p. 8. The problem with this theory is that Ionian has

simply recast a "breach of the lease" claim as an unjust enrichment claim. The benefit conferred

on Precision Seed was the use of the property. Precision Seed was aware that it received that

benefit. While Ionian, as the landlord, retained an interest in the property, the obligation to

procure insurance, and the nature, type, and amount of insurance, was governed by the lease

agreement. Without establishing that Precision Seed somehow breached the lease agreement, the

proposed unjust enrichment claim fails to state a claim because, as previously explained in the

March 5, 2012 Opinion, there is no unjust enrichment in regard to the interpleaded funds, which

is the source of the court's subject matter jurisdiction under Rule 13(g). Although Precision Seed

benefitted by renting the warehouse from Ionian, its status as a tenant does not make its claim to

the insurance proceeds unjust under the circumstances. Ionian's theory is grounded in a breach of

the lease agreement. Ionian is free to pursue that claim in a separate action should it desire to do

so. But, because the claim is not a claim to the interpleaded funds, this Court lacks subject

matter jurisdiction over it. There is no basis for altering the conclusions reached in the March 5,

2012 Opinion as to the unjust enrichment claim or as to the motion for pre-judgment attachment.

                                    CONCLUSION

    Ionian's amended motion to reconsider [160] is denied.

    IT IS SO ORDERED.

                DATED this ___14th___ day of _June_____, 2012.


                      /s/ Marco A. Hernandez_____
                      MARCO A. HERNANDEZ
                      United States District Judge

5 - OPINION