IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

IONIAN CORP., an Oregon corporation,

        Plaintiff,

  v.

COUNTRY MUTUAL INSURANCE
COMPANY, a foreign corporation,

        Defendant/ Interpleader
        Plaintiff,

  v.

IONIAN CORP., an Oregon corporation,
PRECISION SEED CLEANERS INC., an
Oregon corporation,

        Interpleader Defendants.

No. 3:10-cv-0199-HZ

OPINION & ORDER

/ / /

/ / /

1 - OPINION & ORDER

Gordon T. Carey
Attorney at Law
1020 S.W. Taylor Street
Portland, Oregon 97205

       Attorney for Plaintiff

Frederick M. Millard
Douglas M. Bragg
MILLARD & BRAGG
6650 S.W. Redwood Lane, Suite 330
Portland, Oregon 97224

       Attorneys for Interpleader Defendant Precision Seed Cleaners, Inc.

HERNANDEZ, District Judge:

       At stake in this interpleader action is the right to insurance proceeds deposited with the Court by Country Mutual Insurance Company. Country Mutual paid the proceeds as a result of an August 25, 2009 fire which destroyed a building Country Mutual insured at the time and which Ionian had leased to Precision Seed Cleaners (PSC). Presently, PSC moves for summary judgment on the limited issue of whether Ionian, assuming it was named as an additional insured in the insurance policy issued by Country Mutual to PSC, is limited to liability coverage only. For the reasons explained below, I grant the motion.

<div style="text-align:center">STANDARDS</div>

       Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial responsibility of informing the court of the basis of its motion, and identifying those portions of "'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence

2 - OPINION & ORDER

of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

Once the moving party meets its initial burden of demonstrating the absence of a genuine issue of material fact, the burden then shifts to the nonmoving party to present "specific facts" showing a "genuine issue for trial." Fed. Trade Comm'n v. Stefanchik, 559 F.3d 924, 927-28 (9th Cir. 2009) (internal quotation omitted). The nonmoving party must go beyond the pleadings and designate facts showing an issue for trial. Celotex, 477 U.S. at 322-23.

The substantive law governing a claim determines whether a fact is material. Suever v. Connell, 579 F.3d 1047, 1056 (9th Cir. 2009). The court draws inferences from the facts in the light most favorable to the nonmoving party. Long v. City & County of Honolulu, 511 F.3d 901, 905 (9th Cir. 2007).

If the factual context makes the nonmoving party's claim as to the existence of a material issue of fact implausible, that party must come forward with more persuasive evidence to support his claim than would otherwise be necessary. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

DISCUSSION

During the pendency of this case, all parties, including Country Mutual, have assumed that if Ionian was an additional insured on the insurance policy in effect at the time of the fire, Ionian had a claim to the proceeds of the policy. Much of the litigation has focused on whether Ionian was an additional insured under the policy. As explained in Judge Stewart's September 27, 2011 Finding & Recommendation (dkt #125), which I adopted in a December 2, 2011 Order[1]

---

[1] The case was reassigned from Judge Stewart to me on December 13, 2011.

3 - OPINION & ORDER

(dkt #133), there is a factual dispute requiring resolution by a jury as to whether PSC consented to Ionian becoming an additional insured on the policy. Trial is set for September 11, 2012.

PSC assumes for the purposes of its motion that Ionian is an additional insured under the policy. Nonetheless, PSC argues that the plain language of the policy limits Ionian to liability coverage only and does not include coverage for the property damage at issue in this case.

The "question of [insurance] policy interpretation is one of law, and [the court's] task is to determine the intent of the parties[.]" Groshong v. Mut. of Enumclaw Ins. Co., 329 Or. 303, 307, 985 P.2d 1284, 1287 (1999); see also Hoffman Constr. Co. of Alaska v. Fred S. James & Co. of Or., 313 Or. 464, 469, 836 P.2d 703, 706 (1992) ("[T]he primary and governing rule of the construction of insurance contracts is to ascertain the intention of the parties.") (internal quotation marks and brackets omitted). The court determines the parties' intent "from the terms and conditions of the policy." Groshong, 329 Or. at 307, 985 P.2d at 1287. Where the contract unambiguously expresses the intent to provide coverage or to not provide coverage, the contract language is controlling. See Allstate Ins. Co. v. State Farm Mut. Auto. Ins. Co., 67 Or. App. 623, 627, 679 P.2d 879, 881 (1984) (where contract language is unambiguous, courts will "apply those terms and will not create coverage where none was intended by the contract.").

PSC relies on a policy endorsement entitled "Additional Insured - Multiple Interests." Ex. 1 to Dale Hussemann Affid. at p. 147.[2] This endorsement provides that "Who is an Insured" is amended "to include as an insured any person(s) or organization(s) shown in the Schedule, but

---

[2] The entire policy is appended to Hussemann's Affidavit, although it was docketed in two parts: Docket #103 and Docket #103-1. Because the pages continue from #103 to #103-1 without interruption, I simply refer to the specific page number of the exhibit without noting the docket number.

4 - OPINION & ORDER


only with respect to liability arising out of your operations or premises . . . leased, or rented by you, subject to the following." Id. It continues: "If the person(s) or organization(s) shown in the Schedule . . . [i]s an owner . . . from whom you have leased land, this insurance is limited to their liability arising out of the ownership, maintenance or use of the premises or land leased to you[.]" Id.

Both Ionian and PSC agree that the endorsement amends the Commercial General Liability Coverage Form so that as to liability coverage, an additional insured is protected for liability to a third party for damages arising out of the additional insured's ownership of premises or land leased to the insured. PSC argues that because this policy endorsement limits coverage for an additional insured to liability only, there is no coverage for an additional insured resulting from property damage to the additional insured's own property.

In response, Ionian notes that the "Additional Insured - Multiple Interests" endorsement applies to and amends only the Commercial General Liability Coverage[3], and does not apply to the commercial property coverage which is a separate part of the policy. Ionian contends that its right to the insurance proceeds at issue here is under the Building and Personal Property Coverage portion of the policy and thus, the "Additional Insured - Multiple Interests" endorsement is irrelevant to Ionian's claim.

As seen in the Common Policy Declarations, the policy in its entirety has three coverage parts: (1) commercial property coverage; (2) commercial general liability coverage; and (3) commercial inland marine coverage. Id. at p. 43. The "Named Insured" for all parts is PSC and

---

[3] It also applies to and amends three other types of coverage which are not part of this particular insurance policy.

5 - OPINION & ORDER

the policy period is from July 24, 2009 to January 8, 2010.  Id.  The Schedule of Forms and Endorsements segregates the various parts of the policy into four parts:  (1) common policy forms and endorsements; (2) property forms and endorsements; (3) general liability forms and endorsements; and (4) inland marine forms and endorsements.  Id. at pp. 45-47.  The Schedule of Locations includes the location of the premises leased by PSC from Ionian.  Id. at p. 49 (including 8765 Pueblo Avenue, Brooks, Oregon 97305 as one of the scheduled locations); see also Ex. 2 to Kyle Sturm Decl. (lease between Ionian and PSC for premises located at 8765 Pueblo Avenue in Brooks, Oregon) (dkt #16).

       The "Additional Insured - Multiple Interests" endorsement falls under the forms and endorsements for liability coverage.  Ex. 1 to Hussemann Affid. at p. 45.  The endorsement clearly amends only the general commercial liability coverage provided by Country Mutual to PSC, and does not affect the separate coverage for commercial property.  I agree with Ionian that the limitation provided by the "Additional Insured - Multiple Interests" endorsement is not a limitation on the commercial property coverage part of the policy.

       The Building and Personal Property Coverage Form, under which Ionian claims coverage, states that "[t]hroughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations."  Id. at p. 79.  The grant of coverage under this form provides that Country Mutual "will pay for direct physical loss of or damage to Covered Property at the premises described in the Declarations caused by or resulting from any Covered Cause of Loss."  Id.  Accordingly, under the plain language of the policy, there must be (1) direct physical loss or damage, (2) to covered property, (3) at the premises described in the declarations, which is (4) caused by or resulting from a covered cause of loss.  Neither Ionian nor PSC, nor Country Mutual

for that matter, raise an issue as to any of these conditions of coverage. Thus, it appears undisputed that there was direct physical loss to covered property at the premises described which was caused by a covered loss. Ionian argues that because the Building and Personal Property Form provides coverage for the fire loss in this case and does not exclude "additional insureds," but instead excludes only certain causes of loss such as earth movement, governmental action, nuclear hazards, floods, and the like, the loss is covered and payable to Ionian.

PSC points out that the "Additional Insured - Multiple Interests" endorsement is the only time "additional insureds" are mentioned in the entire policy. No part of the Building and Personal Property Coverage Form mentions "additional insureds." The only language regarding payment appears in Section 4 which primarily addresses Country Mutual's right to determine whether it will pay the value of the lost or damaged property or pay the cost of repairing or replacing that lost or damaged property. Id. at p. 88. Subsection 4d includes the word "you," previously defined to be the Named Insured, in stating that Country Mutual "will not pay you more than your financial interest in the Covered Property." Id. Section 4 also provides that Country Mutual has the discretion to "adjust losses with the owners of lost or damaged property if other than you." Id. If Country Mutual pays the owners, "such payments will satisfy your claims against us for the owners' property." Id. I do not read this language to provide coverage for an additional insured. Rather, it simply states that Country Mutual will not pay for the loss twice.

Other forms and endorsements related to the commercial property coverage also fail to mention coverage for additional insureds or to include a definition of "you" or "insured" capable of providing coverage to additional insureds. See id. at p. 93 (Commercial Property Conditions);

7 - OPINION & ORDER

for that matter, raise an issue as to any of these conditions of coverage. Thus, it appears undisputed that there was direct physical loss to covered property at the premises described which was caused by a covered loss. Ionian argues that because the Building and Personal Property Form provides coverage for the fire loss in this case and does not exclude "additional insureds," but instead excludes only certain causes of loss such as earth movement, governmental action, nuclear hazards, floods, and the like, the loss is covered and payable to Ionian.

PSC points out that the "Additional Insured - Multiple Interests" endorsement is the only time "additional insureds" are mentioned in the entire policy. No part of the Building and Personal Property Coverage Form mentions "additional insureds." The only language regarding payment appears in Section 4 which primarily addresses Country Mutual's right to determine whether it will pay the value of the lost or damaged property or pay the cost of repairing or replacing that lost or damaged property. Id. at p. 88. Subsection 4d includes the word "you," previously defined to be the Named Insured, in stating that Country Mutual "will not pay you more than your financial interest in the Covered Property." Id. Section 4 also provides that Country Mutual has the discretion to "adjust losses with the owners of lost or damaged property if other than you." Id. If Country Mutual pays the owners, "such payments will satisfy your claims against us for the owners' property." Id. I do not read this language to provide coverage for an additional insured. Rather, it simply states that Country Mutual will not pay for the loss twice.

Other forms and endorsements related to the commercial property coverage also fail to mention coverage for additional insureds or to include a definition of "you" or "insured" capable of providing coverage to additional insureds. See id. at p. 93 (Commercial Property Conditions);

pp. 95-100 (Equipment Breakdown Coverage); pp. 101-06 (Commercial Property Plus Endorsement); pp. 109-17 (Causes of Loss - Special Form); pp. 119-22 (Value Reporting Form).

Several supplemental declarations to the commercial property coverage also fail to include coverage for additional insureds or to include a definition of "you" or "insured" capable of providing coverage to additional insureds. Id. at pp. 11-36, 77-78. Similarly, the two endorsements containing "Oregon Changes" which amend the commercial property coverage otherwise provided in the policy, do not create coverage for an additional insured. Id. at pp. 57-59 (Oregon changes generally); pp. 61-62 (Oregon changes regarding cancellation and renewal).

I agree with PSC that Ionian's argument runs contrary to Oregon law regarding the construction of insurance contracts. Where the terms of the policy are unambiguous, the court's function is to enforce the contract according to those terms. See Garrett v. State Farm Mutual Ins. Co., 112 Or. App. 539, 544-45, 829 P.2d 713, 715-16 (1992). "[C]ourts may not find coverage where the unambiguous terms of a contract exclude coverage." Northwest Pipe Co. v. RLI Ins. Co., 734 F. Supp. 2d 1122, 1136 (D. Or. 2010).

Without an explicit grant of coverage to, or inclusion of, additional insureds in the commercial property forms and endorsements, or in the generally applicable provisions of the policy, additional insureds are not entitled to coverage. Outside of the liability provision discussed above, the policy includes no provisions for coverage to additional insureds. There is no ambiguity because the plain language of the policy is clear. Generally, "the coverage provisions of an insurance policy define the universe of claims that are covered by the policy; the exclusions constitute a subset of claims that, although within that universe of covered claims, are nonetheless excluded." ZRZ Realty Co. v. Beneficial Fire & Cas. Ins. Co., 222 Or. App. 453,

472-73, 194 P.3d 167, 178 (2008), aff'd in part, rev'd in part on other grounds, 349 Or. 117, 241 P.3d 710 (2010). Thus, without coverage being expressly extended to additional insureds, it does not exist. Ionian argues that because the property section of the policy does not exclude coverage for additional insureds, Ionian a proper payee. However, Ionian's view is contrary to basic precepts of insurance contract law.

Based on the plain language of the policy, the intent of the parties to this insurance contract, Country Mutual and PSC, was to provide insurance to protect PSC's insurable interest in the building, whatever that may be. Even if Ionian were an additional insured, the parties' intent was to grant additional insureds certain coverage for third-party claims, but not for damage to the additional insured's own property.

The disputed fact remaining in the case is whether Ionian was an additional insured under the insurance policy. Assuming it was, the policy provided Ionian only with liability coverage, not with coverage for damage to its building. Thus, Ionian may not obtain the proceeds of the insurance policy as an additional insured.

Alternatively Ionian argues that PSC should be judicially estopped from arguing that Ionian, even as an additional insured, is not entitled to insurance coverage under the policy for the loss in this case. I disagree.

Generally, the doctrine of judicial estoppel prevents a party from gaining an advantage based on one theory and then seeking a future advantage by pursuing an incompatible theory. New Hampshire v. Maine, 532 U.S. 742, 749 (2001); see also Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 782 (9th Cir. 2001) ("Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an

9 - OPINION & ORDER

advantage by taking a clearly inconsistent position."). A court "invokes judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of general considerations of the orderly administration of justice and to protect against a litigant playing fast and loose with the courts. Id. (internal quotation marks omitted).

In determining whether to apply judicial estoppel, the court must first determine if a party's later position is "clearly inconsistent" with its earlier position and "whether the party has succeeded in persuading a court to accept that party's earlier position[.]" New Hampshire, 532 U.S. at 750. "A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." Id. at 751. The court may also consider other pertinent factors. Id.

Ionian argues that the record contains numerous statements and admissions by PSC that Ionian is covered under the Building and Personal Property Coverage Form. Ionian notes that Country Mutual deposited $372,750 with this Court on February 23, 2011 pursuant to the property coverage provisions and no party to the case has ever considered that the money was for liability coverage. Ionian further notes that this Court has already awarded $10,000 of the $372,750, related to cleanup costs, to Ionian. See Sept. 27, 2011 Findings & Rec. at pp. 24, 26; Dec. 2, 2012 Ord. Adopting Sept. 27, 2011 Findings & Rec. at p. 12. Ionian also cites to various discovery responses in which PSC admitted to Ionian having been, at some point between June 30, 2005 through early 2009, an additional insured, loss payee, or third-party beneficiary under any insurance obtained by PSC on the warehouse. Finally, Ionian points to statements PSC has made in various filings which Ionian asserts demonstrate PSC's acknowledgment that Ionian has an insurable interest in the building.

10 - OPINION & ORDER

I do not view PSC's current argument regarding Ionian's lack of coverage to be "clearly inconsistent" with its prior representations. Ionian's Interrogatory Number 6 asked PSC to state "how long plaintiff Ionian had been an additional insured, loss payee or third-party beneficiary under any insurance obtained by defendant Precision Seed on the warehouse. Ex. 9 to June 14, 2012 Carey Affid. at p. 2 (dkt #185). PSC responded "[f]rom approximately June 30, 2005 through early 2009." Id. Notably, PSC made no mention of what coverage Ionian was entitled to if indeed Ionian was an additional insured and furthermore, the time period indicated by PSC ended before the commencement of the policy in effect at the time of the fire.

In response to Ionian's Request for Admission Number 1, PSC admitted that before the insurance policy was canceled for nonpayment and before PSC sought to have the policy re-done, it informed Country Mutual that Ionian should be listed as an additional insured and mortgagee. Ex. 10 to June 14, 2012 Carey Affid. at p. 3. This is not an admission that Ionian was an additional insured on the policy in effect at the time of the fire, and more importantly, is not an admission as to what type of coverage should be afforded to Ionian as an additional insured. The other discovery responses cited by Ionian similarly fail to admit or state that PSC believed Ionian was an additional insured on the policy in effect at the time of the fire or that as such, Ionian was entitled to coverage under the commercial property insurance part of the policy.

As to statements made in various filings by PSC in this case, PSC admits that it, along with Country Mutual and Ionian, was "mistakenly of the belief that being an 'additional insured' provided Ionian Corp. a legal basis to the insurance proceeds." PSC Reply Mem. at p. 8; see also id. at p. 9 ("Precision admits that it did previously argue that the issue of whether Ionian Corp. was an additional insured was determinative of whether Ionian Corp. had a right to recover

11 - OPINION & ORDER

insurance proceeds."). However, as PSC notes, it entered the case only after Country Mutual and Ionian litigated the "additional insured" issue while assuming that should this Court conclude that Ionian was an additional insured, the policy provided coverage for an additional insured for this particular loss. While the issue was revisited in subsequent motion practice, PSC's point is that all parties litigated the case under the assumption that the policy provided commercial property coverage to additional insureds, and this assumption was established early on by Country Mutual and Ionian. Thus, all three parties were mistaken regarding the provisions of the policy and this Court has not previously been requested to address the coverage issue. Under these circumstances, I do not find that PSC's previous assumption about coverage is "clearly inconsistent" with the position it takes now.

Second, other than awarding Ionian the $10,000 in cleanup costs, this Court has not expressly held that Ionian is entitled to coverage and is entitled to some portion of the interpleaded funds. The $10,000 cleanup cost award was based on PSC's concession that Ionian was entitled to this sum. Sept. 27, 2011 Findings & Rec. at p. 24. PSC's concession was based on its assumption that there was property damage coverage for Ionian. In making the $10,000 award, this Court simply assumed, as did all parties at that point, that the determinative issue was whether Ionian was an additional insured, not that the language of the policy did not include additional insureds in the property coverage. There were no competing arguments on the coverage issue and no adoption by this Court of one party's position over another party's contrary position.

Third, PSC derives no unfair advantage if not estopped. The insurance policy language has not changed. The interpretation of the policy is a matter of law. The policy either entitles

12 - OPINION & ORDER

Ionian to property loss coverage as an additional insured or it does not. To award proceeds when the policy does not provide for such an award has no support in the law. In the absence of estopping PSC, Ionian suffers no detriment because, again, it was never entitled to the proceeds of this policy. While Ionian may be entitled to damages for the destruction of the building, that is a separate question and not related to whether it had insurance coverage as an additional insured on the policy that was in effect at the time of the fire. The application of judicial estoppel is not warranted here.

## CONCLUSION

PSC's motion for summary judgment [171] is granted.

IT IS SO ORDERED.

DATED this 17 day of July, 2012.

MARCO A. HERNANDEZ
United States District Judge