IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

IONIAN CORP., an Oregon corporation,　　　　　　　　　No. 03:10-cv-00199-HZ

　　　　　　Plaintiff,

　　v.

COUNTRY MUTUAL INSURANCE　　　　　　　　　　　　OPINION & ORDER
CORPORATION, a foreign corporation,

　　　　　　Defendant/
　　　　　　Interpleader Plaintiff

　　v.

IONIAN CORP., an Oregon corporation,
PRECISION SEED CLEANERS, INC.,
an Oregon corporation,

　　　　　　Interpleader Defendants.

Gordon T. Carey
Attorney at Law
1020 S.W. Taylor Street, Suite 375
Portland, Oregon 97205

　　　　Attorney for Plaintiff/Interpleader Defendant Ionian Corp.

1 - OPINION & ORDER

Frederick M. Millard
Douglas M. Bragg
419 5th Street
Oregon City, Oregon 97045

        Attorneys for Interpleader Defendant Precision Seed Cleaners, Inc.

HERNANDEZ, District Judge:

        On instructions from the Ninth Circuit in a May 12, 2014 Memorandum Disposition, Ionian Corp. v. Country Mut. Ins. Co., 572 F. App'x 513 (9th Cir. 2014), this Court allowed Ionian to amend its crossclaims against Precision Seed to assert a new crossclaim of unjust enrichment. Trial of that claim is presently scheduled for October 6, 2015. In an October 8, 2014 hearing on Precision's motion to strike Ionian's newly asserted unjust enrichment crossclaim, I told the parties that I considered this new crossclaim as an equitable claim to be tried to the Court. Presently, Ionian moves for a jury trial on the claim. I deny the motion.

II. Relevant Procedural History

        A. From Filing to August 29, 2012 Judgment in the District Court

        This case began when Ionian filed suit in Multnomah County Circuit Court against Country Mutual Insurance Company. Ionian brought a breach of contract claim against Country Mutual, contending that Ionian owned a warehouse which was destroyed by fire, that Precision was Ionian's lessee, that Precision had obtained an insurance policy on the warehouse from Country Mutual, and that Ionian was a "loss payee, additional insured, and/or third-party beneficiary under the policy." Compl. at ¶¶ 1-6 (Ex. A to Notice of Removal). Ionian alleged that despite a demand for payment and despite its and Precision's performance of all conditions precedent, Country Mutual had failed to pay the proceeds of the policy to Ionian. Id. at ¶¶ 7-10.

2 - OPINION & ORDER

Ionian also brought a separate claim of rent in which it alleged that because Country Mutual "had entered upon and taken possession of [Ionian's] real property[,]" after the fire, Country Mutual owed Ionian rent. Id. at ¶¶ 12-14.

Country Mutual removed the case to this Court on the basis of diversity jurisdiction. Ionian moved to amend its Complaint to add Precision as a Defendant. Ionian sought to bring breach of lease and negligence claims directly against Precision. Proposed Am. Compl. at ¶¶ 12-20 (Ex. 1 to Mtn to Amend; ECF 6). It also named Precision as a Defendant in the rent claim previously asserted against Country Mutual. Id. at ¶¶ 21-22. In the motion to amend, Ionian acknowledged that adding the claims against Precision would destroy the diversity jurisdiction upon which Country Mutual removed the case to federal court. Judge Stewart granted Ionian's motion to amend in a June 23, 2010 Opinion & Order, but, because the addition of Precision would destroy the Court's jurisdiction, she instructed Ionian not to file its amended complaint until thirty days after a ruling on a then-pending motion for summary judgment filed by Country Mutual against Ionian. June 23, 2010 Op. & Ord.; ECF 25. Judge Stewart resolved what ended up as cross-motions for summary judgment between Ionian and Country Mutual in an October 5, 2010 Opinion & Order. ECF 49. She set a November 4, 2010 deadline for filing the previously-allowed amended complaint.

In a November 5, 2010 filing, Ionian represented that based on the summary judgment rulings, it would not file an amended complaint. The case remained in this Court.

On February 2, 2011, Country Mutual filed an Amended Answer to the claims brought against it in Ionian's original, and still controlling, Complaint. ECF 61. Country Mutual also brought an interpleader counterclaim against Ionian and added Precision as a Defendant to that

3 - OPINION & ORDER

claim. There, Country Mutual alleged that it faced competing claims from Ionian and Precision to the insurance proceeds for the covered property. It deposited $372,750 with this Court on February 23, 2011, representing $350,000 for property loss, $12,750 for separate coverage for a motor control system, and $10,000 for cleanup costs.

Next, Ionian and Precision both filed Answers to the interpleader claim. ECF 66, 69. Precision's Answer included unjust enrichment and conversion crossclaims against Ionian. ECF 69. Ionian then answered Precision's crossclaims and brought its own crossclaims for rent and cleanup costs against Precision. ECF 72. Precision answered Ionian's crossclaims. ECF 73.

In early May 2011, all counterclaims brought by Precision against Country Mutual were dismissed by stipulation. ECF 75, 76. On May 16, 2011, Judge Stewart granted the parties' oral motion to dismiss Country Mutual from the case. ECF 84. Thus, at this point, the only claims remaining were the crossclaims between Ionian and Precision as interpleader Defendants. Precision amended its Answer on May 24, 2011, deleting any affirmative defenses to the interpleader claim and any counterclaims against Country Mutual. ECF 87. Precision added three new crossclaims against Ionian. Id. Precision now had five crossclaims against Ionian: unjust enrichment, conversion, breach of purchase agreement, rescission of lease, and fraud. Ionian filed another Answer to Precision's amended crossclaims against Ionian, raising several affirmative defenses and retaining its previously asserted two crossclaims against Precision for rent and cleanup costs. ECF 88.

Ionian and Precision then filed cross motions for summary judgment. In a September 27, 2011 Findings & Recommendation, Judge Stewart made several rulings. ECF 125. I adopted the Findings & Recommendation in a December 2, 2011 Order. ECF 133.

4 - OPINION & ORDER

Relevant to the current motion is that several of the crossclaims were dismissed for lack of jurisdiction. As Judge Stewart explained in the September 27, 2011 F&R, Federal Rule of Civil Procedure 13(g) governs this Court's subject matter jurisdiction over the crossclaims. The crossclaim must "arise[] out of the transaction or occurrence that is the subject matter of the original action" or "relate[] to any property that is the subject matter of the original action." Fed. R. Civ. P. 13(g). "The 'property that is the subject matter of the original action' filed by Ionian against Country Mutual is the insurance proceeds deposited with the Court payable under the policy as a result of the fire." Sept. 27, 2011 F&R at 10. Judge Stewart explained that as a result of Country Mutual's deposit of the insurance proceeds, the case involved the competing claims of Ionian and Precision to those insurance proceeds, as well as the other crossclaims between those parties. Id.

Given the limited jurisdiction under Rule 13(g), only the crossclaims involving entitlement to any part of the insurance proceeds were properly before this Court. Id. at 11. Upon the filing of my December 2, 2011 Order adopting Judge Stewart's F&R, the following crossclaims were dismissed for lack of subject matter jurisdiction: (1) breach of the purchase agreement to the extent the claim sought specific performance; (2) fraud; (3) rent; and (4) the portion of the claim for cleanup costs above the $10,000 interpleaded amount.

Following the adoption of Judge Stewart's F&R, Ionian had no crossclaims remaining against Precision, and Precision had only its unjust enrichment and conversion claims remaining against Ionian. Ionian almost immediately moved to amend its answer to assert two new crossclaims against Precision. In a March 5, 2012 Opinion & Order, I denied the motion. ECF 149. Rule 13(g) again provided the basis for part of my decision because the proposed

crossclaims of breach of lease and negligence did not arise out the payment of the insurance proceeds. Id. at 5-8.

Ionian also sought to add the crossclaim that is now the only remaining claim in this case. As asserted by Ionian in its proposed amended answer filed with its motion to amend, Ionian sought an equitable lien or constructive trust. Proposed Am. Answer & Cross-Claims at ¶¶ 32-33 (Ex. 1 to Mtn to Amend; ECF 139). In support of this crossclaim, Ionian alleged that under the lease, Precision agreed to furnish and pay for fire insurance on the building and improvements for the benefit of Ionian, and/or to make Ionian an additional insured. Id. Ionian further alleged that Precision agreed to provide and pay for that insurance so Precision could repair and/or replace the building in the event it was destroyed by fire. Id. According to Ionian, Precision acknowledged that the proceeds of the fire policy on deposit with this Court were for the purpose of repairing and/or replacing plaintiff Ionian's building. Id. As a result, Ionian asserted, Ionian had an equitable lien on the proceeds on deposit herein or Precision held them in trust for the benefit of Ionian. Id.

Although there was no dispute that this Court had jurisdiction over the "claim" for constructive trust/equitable lien, Precision argued that the claim should not be allowed because it was futile. March 5, 2012 Op. & Ord. at 9. In the March 5, 2012 Opinion, I agreed with Precision that Oregon law does not recognize a "claim" for constructive trust. Id. (citing Tupper v. Roan, 349 Or. 211, 219, 243 P.3d 50, 56 (2010) ("the concept of constructive trust does not stand on its own as a substantive claim")). The same was true for a "claim" of equitable lien. Id. at 10 (stating that an equitable lien is a remedial device used by courts of equity and is not itself a substantive claim). However, rather than deny Ionian's motion for leave to add the constructive

trust/equitable lien crossclaim on this basis, I construed the claim as one of unjust enrichment and analyzed it as such. Id. at 10-12. I agreed with Precision that even if the claim were correctly pleaded as an unjust enrichment claim seeking a constructive trust or equitable lien as a remedy, it failed to state a claim. Id. at 11-12. Alternatively, I concluded that leave to amend should be denied because of Ionian's undue delay in bringing the claims. Id. at 12-13.

Ionian moved to reconsider my conclusion on the "unjust enrichment/constructive trust/equitable lien claim." The arguments Ionian made in that motion suggested to me that Ionian's "unjust enrichment" claim was based on a negligence theory, unrelated to the interpleaded funds, or was based on a breach of the lease theory which was also unrelated to the interpleaded funds. June 4, 2012 Op. & Ord.; ECF 188. As a result, Ionian provided no basis for reconsidering my previous denial of its motion to amend to add new crossclaims of breach of lease, negligence, and constructive trust/equitable lien (construed as a claim for unjust enrichment). Id.

Shortly before trial, Precision moved for summary judgment on a discrete issue concerning whether Ionian was an additional insured and thus entitled to any of the proceeds under the policy. As explained in previous Opinions in this case, I granted that motion which effectively granted Precision's unjust enrichment crossclaim against Ionian. July 17, 2012 Op. & Ord.; ECF 190. Precision then dismissed its remaining conversion crossclaim and a Judgment in Precision's favor was entered. ECF 193, 195.

B. The Ninth Circuit

Ionian appealed the ruling denying its motion to amend to add the constructive trust/equitable lien crossclaim. See Ionian Corp.'s Opening Brief on Appeal at 58-66, Ninth

7 - OPINION & ORDER

Circuit Docket #15 ("Judge Hernandez Erred in Denying Ionian's Motion to Amend to Add a State Law Claim to the Proceeds on Deposit"; "Ionian Had a Valid State Law Claim for Constructive Trust/Equitable Lien"; "Ionian Had a Viable Claim for Unjust Enrichment Under Oregon Law").

In its May 12, 2014 Memorandum Disposition, the Ninth Circuit agreed with Ionian, explaining that this Court erred "by denying Ionian leave to timely add an unjust enrichment crossclaim and clearly erred by awarding all of the proceeds to Precision." 572 F. App'x at 515. The court relied on the "Loss Payment" provision of the insurance policy, previously unasserted by Ionian as a basis for the proposed crossclaim, under which Country Mutual "'will not pay Precision more than its financial interest in the Covered Property and may adjust losses with the owners of the property but will not pay the owners more than their financial interest in the property.'" Id. (quoting insurance policy) (brackets and ellipsis omitted). The Ninth Circuit then held that this Court had subject matter jurisdiction "to remedy [Ionian's] loss because "[a]warding all of the proceeds to Precision would contradict the plain terms of the insurance policy, and would result in Precision's wrongful acquisition of more than its fair share of the proceeds[.]" Id. The court explained that jurisdiction was obtained over the unjust enrichment claim not as a result of the lease, but "on the Loss Payment provision of the insurance policy that is central to this interpleader action." Id.

The court remanded to this Court to "grant Ionian leave to add a crossclaim for unjust enrichment" and to "determine each parties' insured financial interest in the proceeds and award them accordingly." Id. at 513; see also Id. at 515 ("On remand, the district court shall give Ionian leave to amend, determine the respective insured financial interests each party has in the

proceeds, and divide the proceeds accordingly.").

    C.  After Remand from the Ninth Circuit

Upon remand by the Ninth Circuit, Ionian filed, on July 11, 2014, an "Answer to Country Mutual's Interpleader, Answer to Amended Cross-Claims of Precision Seed, and Amended Cross-Claims Against Precision Seed." ECF 219. In that pleading, Ionian brought a crossclaim against Precision entitled "Breach of Contract/Unjust Enrichment." Id. In support of the crossclaim, Ionian alleged that under the lease (1) improvements to the premises became part of the building and property of Ionian; (2) Precision agreed to repair damage to the building, improvements, and machinery; (3) Precision agreed to furnish and pay for fire insurance on the building for Ionian's benefit and to make Ionian an additional insured; (4) Precision agreed to furnish and pay for the insurance for repair and replacement of the building, improvements, and machinery in the event of a fire; and (5) Precision told Ionian that it had purchased the insurance for the purpose of repairing and/or replacing Ionian's building, improvements, and machinery and had named Ionian as an additional insured. July 11, 2014 Crossclaim at ¶¶ 20-21.

Ionian also alleged that under the Loss of Payment provision of the insurance policy, Country Mutual was not to pay Precision more than its financial interest in the covered property and that Country Mutual was allowed, under the policy, to "adjust losses" with the property owner but that it would not pay the owner more than its financial interest in the covered property. Id. at ¶ 22. Ionian further alleged that Precision breached the lease because it failed to repair the building, improvements, and machinery after the fire, it did not authorize Country Mutual to make Ionian an additional insured, and it refused to release the interpleaded funds to Ionian. Id. at ¶ 23. Ionian asserted that Precision's "position herein" would result in Precision's unjust

9 - OPINION & ORDER

enrichment. Id. at ¶ 24.

Precision moved to dismiss or strike several allegations made in support of the crossclaim. I held oral argument on that motion on October 8, 2014 and granted Precision's motion in part and denied it in part, ordering as follows:

> the motion is granted to the extent that Ionian's amended cross-claim purports to (1) raise a claim for unpaid rent, either as a claim in and of itself or as a setoff; (2) raise a breach of lease claim; or (3) raise an "additional insured" issue. These claims/issues are not properly part of the amended cross-claim. The motion directed to references to machinery is denied based on the understanding that the only machinery at issue and referred to in the amended cross-claim is the Siemens motor control system. The motions directed to the amended cross-claim's references to future amendments and to the mathematical calculations which will be used to eventually apportion the interpleaded money, are denied.

Oct. 8, 2014 Ord. ECF 229. I ordered Ionian to file an amended crossclaim by October 16, 2014.

On October 16, 2014, Ionian filed a new pleading entitled "Answer to Country Mutual Insurance Company's Interpleader, Answer to Amended Cross-Claims of Precision Seed and Cross-Claims to Ionian and Corrected Amended Cross-Claim Against Precision Seed." ECF 231. In this "Corrected Amended Cross-Claim," Ionian asserts a crossclaim of unjust enrichment. Oct. 16, 2014 Crossclaim at ¶¶ 19-24. Although there is some slight variation in the language in one paragraph, the crossclaim asserted on October 16, 2014 is identical to that asserted on July 11, 2014. This is the crossclaim on which Ionian seeks a jury trial.

III. Discussion

The parties agree that the right to a jury trial on Ionian's unjust enrichment crossclaim is governed by federal law. Simler v. Conner, 372 U.S. 221, 222 (1963) ("right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions"); Granite State Ins. Co. v. Smart Modular Techs., Inc., 76 F.3d 1023, 1026–27 (9th Cir. 1996) ("In

a diversity action, federal law governs whether a party is entitled to a jury trial and if so, on what issues."). In diversity cases, "the substantive dimension of the claim asserted finds its source in state law," but "the characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law." Simler, 372 U.S. at 222.

The Seventh Amendment provides that "[i]n suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved[.]" U.S. Const. amend. VII. "'Suits at common law' refer[] to suits in which *legal* rights are to be ascertained and determined, in contradistinction to those where equitable rights alone are recognized, and equitable remedies are administered." Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564 (1990) (internal quotation marks and brackets omitted). Additionally, "[s]ince the merger of the systems of law and equity," the Supreme Court "has carefully preserved the right to trial by jury where legal rights are at stake." Id. at 565.

To determine whether a particular claim will resolve legal rights, the court "examine[s] both the nature of the issues involved and the remedy sought." Id. The Court in Terry established a two-part inquiry: "First, we compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature." Id. at 565 (internal quotation marks omitted). The second inquiry is the more important to the analysis. Id.

At least one court has noted that "[t]he origins of unjust enrichment are both legal and equitable[.]" Medtronic, Inc. v. Intermedics, Inc., 725 F.2d 440, 443 (7th Cir. 1984). Oregon

11 - OPINION & ORDER

cases similarly recognize that the doctrine is rooted in both law and equity.  For example, in a 1998 case, the Oregon Court of Appeals expressly stated that "[u]njust enrichment is an equitable claim[.]" Angelini v. Delaney, 156 Or. App. 293, 305, 966 P.2d 223, 229 (1998) (counterclaim for unjust enrichment was one of three alternative theories of recovery for the same damages which was the amount of certain loans).

In contrast, other Oregon cases state that an unjust enrichment claim is premised on the concept of "quasi-contract," or a contract implied by law, and which ordinarily sounds in law. Barnes v. E.& W. Lumber Co., 205 Or. 553, 596, 287 P.2d 929, 949 (1955) ("quasi-contractual obligations are ordinarily enforceable by an action at law") (internal quotation marks omitted); Powell v. Sheets, 196 Or. 682, 699, 251 P.2d 108, 116 (1952) (recovery of money upon theory of unjust enrichment is one of a quasi-contract or a contract implied by law).

Barnes explains that a claim of "unjust enrichment" may be the basis for seeking several equitable remedies such as constructive trusts, equitable lien, or subrogation, but may also be the basis of "quasi-contractual obligations[.]" 205 Or. at 596, 287 P.2d at 949.  The difference between the two is that "'quasi-contractual obligations are ordinarily enforceable by an action at law, the purpose of which is to impose a personal liability upon the defendant; whereas the enforcement of a constructive trust is by a proceeding in equity to compel the defendant to surrender specific property.'" Id. (quoting Scott on Trusts, § 461).

The Supreme Court has similarly noted, in the context of an action seeking enforcement of an ERISA plan's reimbursement provision, that historically, in cases where the plaintiff could not assert title or right to possession of particular property, but where the plaintiff might be able to show "just grounds for recovering money to pay for some benefit the defendant had received

12 - OPINION & ORDER

from him, the plaintiff had a right to restitution *at law* through an action derived from the common-law of assumpsit." Great-West Life & Annuity Ins. Co. v. Knudson, 534 U.S. 204, 213 (2002). The plaintiff's claim was considered legal because the plaintiff sought "to obtain a judgment imposing a merely personal liability upon the defendant to pay a sum of money." Id. (internal quotation marks omitted).

In contrast, a plaintiff could also "seek restitution *in equity*, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." Id. "A court of equity could then order a defendant to transfer title (in the case of the constructive trust) or to give a security interest (in the case of the equitable lien) to a plaintiff who was, in the eyes of equity, the true owner." Id.

Under the first part of the Terry analysis, unjust enrichment claims have a historical basis in both law and equity depending on the circumstances of the particular case. Thus, here, the nature of the claim and the remedy sought will drive its characterization as legal or equitable.

Ionian's unjust enrichment crossclaim is equitable. First, while the crossclaim is currently captioned as one for unjust enrichment, the claim that I disallowed in my March 5, 2012 Opinion and which was the basis of Ionian's appeal to the Ninth Circuit was in fact a claim for constructive trust or equitable lien. Proposed Am. Answer & Cross-Claims at ¶¶ 32-33 (Ex. 1 to Mtn to Amend; ECF 139); Ionian Corp.'s Opening Brief on Appeal (arguing that Ionian had a valid state law claim for constructive trust/equitable lien). It was only my construction of that claim as one for unjust enrichment based on Oregon law's non-recognition of constructive trust or equitable lien as substantive claims in their own right that caused the claim to be referred to as

13 - OPINION & ORDER

one for unjust enrichment. Given that the claim as originally pleaded was obviously an equitable claim, there is no basis for concluding that the Ninth Circuit considered it as anything else even though that court referred to it as a claim for unjust enrichment.[1]

Second, as explained in the procedural history section of this Opinion above, any crossclaim must arise out of or relate to the insurance proceeds under Rule 13(g). Several claims not meeting this standard have been dismissed from the case. The Ninth Circuit indicated that jurisdiction over Ionian's unjust enrichment crossclaim was not as a result of the lease, but was based on the loss payment provision of the insurance policy with the policy being the basis of the interpleader action. With this statement, the Ninth Circuit implicitly recognized that the crossclaim must, under Rule 13(g), be a claim to the insurance proceeds which is the "property that is the subject matter of the original action."

As a result, the unjust enrichment crossclaim has to be directed to the insurance proceeds, a particular and discrete fund of money currently deposited with this Court. As I explained in my February 13, 2015 Opinion & Order resolving Ionian's Rule 12 Motions directed to Precision's October 27, 2014 Answer, Ionian's claim is based on a theory that to the extent Precision receives insurance proceeds from Country Mutual in an amount greater than Precision's financial interest in the covered property, Precision is unjustly enriched. See Feb. 13, 2015 Op. & Ord. at 19. The claim, which cannot for jurisdictional reasons be based on a theory of breach of the lease, is rooted in the language of the insurance policy and seeks the distribution of the portion of the

---

[1] The Ninth Circuit's remand order also suggests that it viewed Ionian's unjust enrichment claim as equitable because it ordered this Court to grant Ionian leave to add the claim and then to determine each parties' insured financial interest in the proceeds and award them accordingly. There is no reference to Precision's personal liability, to damages, or to a jury trial.

14 - OPINION & ORDER

finite sum of insurance proceeds currently interpleaded with this Court which is greater than Precision's financial interest in the property. That is, Ionian seeks to compel the surrender of a specific amount of the insurance proceeds.

Such a claim is not based on a theory of quasi-contract. Country Mutual, in interpleading the insurance proceeds, recognized Ionian's and Precision's competing claims to those proceeds based on the insurance policy contract. But, my July 17, 2012 Opinion on the additional insured issue disposed of the notion that Ionian was a party to the insurance contract. ECF 190. Thus, Ionian's claim to the insurance proceeds is not based on any contractual relationship, express or implied, it had with Country Mutual. There is no express contractual relationship and one is not implied because Ionian conferred no benefit on Country Mutual, which, in any event, is not a defendant to the crossclaim. See Wilson v. Gutierrez, 261 Or. App. 410, 414, 323 P.3d 974, 978 (2014) (first element of quasi-contractual unjust enrichment claim is that the plaintiff must have conferred a benefit on the defendant). Additionally, the only contractual relationship between Ionian and Precision was a lease, the breach of which does not directly relate to a claim for the insurance proceeds and thus, is not subject to this Court's jurisdiction under Rule 13(g). And, to the extent Ionian contends that a quasi-contractual relationship between it and Precision should be implied, any benefit conferred is tied to the lease, which again, does not come under this Court's Rule 13(g) jurisdiction. Thus, there is no basis for this Court to imply the existence of a contract between Ionian and Country Mutual or Ionian and Precision to support what is alleged to be Precision's unjust enrichment.

The "unjustness" arises based on Ionian's status as the owner of the property, not as a party to the insurance contract or to the lease. Ionian's contention is that it is unjust for Precision

to retain more than its financial interest in the proceeds, not because of the lease but because of the language of the policy between Precision and its insurer which instructs that the insured cannot recover more than its financial interest in the property and that the insurer may consider the property owner's financial interest as well. The liability here is not a personal liability upon Precision in which damages are to awarded. Instead, the liability is tied to particular property - the interpleaded funds. In fact, Ionian's own pleading does not seek damages but seeks to "recover the proceeds on deposit herein, less only Precision Seed's proportionate uncompensated financial interest in the covered property, if any there be, after deducting rent due[.]" Ionian's Oct. 16, 2014 Answer & Cross-Claim at p. 6.

Third, although Great-West indicates that an unjust enrichment claim sounding in equity concerns property in the defendant's possession, 534 U.S. at 213-14, that is not a determinative factor in this case. But for Ionian's unjust enrichment claim, the insurance policy proceeds would already be in Precision's hands. As a result of the rulings in this case, Country Mutual is obligated to pay the insurance proceeds to Precision, the only insured party. If Country Mutual pays Precision more than its financial interest in the property, Ionian has an unjust enrichment claim against Precision regarding the amount of the proceeds in excess of Precision's financial interest in the property, limited to Ionian's own financial interest in the property. The funds, as a result of the interpleader, are temporarily deposited with this Court but the Court essentially stands in the shoes of Precision. The fact that the specific fund of money from which Ionian seeks to be paid as a result of Precision's alleged unjust enrichment is under the Court's control rather than Precision's does not convert this to a legal claim.

In summary, in order to avoid Rule 13(g) jurisdictional issues, Ionian's crossclaim must

relate to the insurance proceeds. With that understanding, the only basis for the claim is an equitable one. This Court cannot imply a quasi-contractual relationship between Ionian and Country Mutual in support of this claim because Ionian conferred no benefit on Country Mutual and Country Mutual is not the defendant. This Court cannot imply a quasi-contractual relationship between Ionian and Precision in support of this claim because the only contractual relationship between those two parties is the lease which does not relate to the insurance proceeds for Rule 13(g) purposes and because without the lease, Ionian conferred no benefit on Precision. Additionally, the original claim was expressly pleaded as seeking an equitable remedy, the claim is directed to particular funds, and Ionian's requested relief is the recovery of the proceeds on deposit with this Court.

## CONCLUSION

Ionian's motion for jury trial [253] is denied.

IT IS SO ORDERED.

Dated this 21 day of July, 2015

Marco A. Hernandez
United States District Judge

17 - OPINION & ORDER